UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCEL CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-CV-00417 RWS |
| ) | |
| ST. LOUIS COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Self-represented plaintiff Vincel Chambers, an inmate currently incarcerated at the St. Louis County Justice Center, brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is before the Court upon the motion of plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. Having reviewed the motion and financial information, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). For the reasons discussed below, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to submit a certified prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of his claim.

## The Complaint

Plaintiff Vincel Chambers, a pretrial detainee at the St. Louis County Justice Center in Clayton, Missouri, filed this instant action alleging violations of his civil rights. He brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff names the following as defendants in this action: St. Louis County; 21st Judicial Circuit Court; and Wesley Bell, St. Louis County Prosecutor.

Plaintiff alleges that "St. Louis County, 21st Judicial Circuit Court and St. Louis Courts" charge excessive bail in violation of the Constitution's prohibition on "cruel and unusual punishment." He states that this has caused him emotional distress, financial loss and pain and suffering.

---

[1] It appears plaintiff filed this action, in large part, to assert claims on behalf of the inmate population in the St. Louis County Justice Center, as a whole. However, plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin,* 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties"). Further, while federal law authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney, and therefore may not represent other individuals in federal court. *See Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 830 (7th Cir. 1986). Thus, the Court will strike all listed third-party plaintiffs and deny plaintiff's request to bring a class action.

Plaintiff asserts, on behalf of twenty-nine (29) listed pretrial detainees at the St. Louis County Justice Center, that their bonds have been assessed by the Courts in the range of $100,000 to "no bond" over a "long period of time." However, as stated in the soliloquy of background facts, infra, plaintiff was never assessed an excessive bond in his criminal cases in St. Louis County Court or St. Louis City Court. Rather, due to the nature of the charges against him, he has been incarcerated without bond.

Despite the facts, plaintiff argues that St. Louis County has an inadequate mechanism for setting bond to "secure an arrestee's court appearance." He claims, in a conclusory fashion, that there is a bond commissioner employed by St. Louis County, and that this bond commissioner is the person who makes the recommendation as to bond to the duty judge. In making the recommendation, the bond commissioner "considers the charges and any prior convictions but does not inquire into the arrestee's ability to pay, risk of flight or danger to the public." Plaintiff believes that the duty judge takes the bond commissioner's recommendation in setting bond, and if an arrestee can afford to pay the cash bond in full, only then will St. Louis County release an arrestee. However, if an arrestee cannot pay the full cash bond, plaintiff believes that an arrestee must remain detained. Plaintiff does not indicate the statutory reference or St. Louis County Court Rule from which he learned of the alleged bond commissioner.

Plaintiff argues that this mechanism for setting bond is constitutionally inadequate because judges should consider an arrestee's financial circumstances and make specific findings as to alternative release conditions.

For relief in this action, plaintiff seeks to be released from St. Louis County Justice Center, "bail reform," and fifteen million dollars in damages.

## Plaintiff's State Court Criminal Actions

**A. St. Louis County Action**

A criminal complaint was filed against plaintiff on July 21, 2021, in the Circuit Court for St. Louis County charging plaintiff with three counts of statutory sodomy or attempted statutory sodomy - deviate sexual intercourse – with a person less than 12 years of age. *See State v. Chambers*, No. 21SL-CR03244 (21st Jud. Cir., St. Louis County Court). Plaintiff was served with the warrant on July 28, 2021, and he was arraigned on July 29, 2021. Plaintiff was ordered held without bond according to the severity of the charges in the criminal complaint. As part of the conditions of the bond plaintiff was ordered not to have contact with the alleged victim or his or her family. Plaintiff's preliminary hearing was originally scheduled for August 4, 2021, however, it was rescheduled for August 29, 2021, by order of the Circuit Court.

On August 18, 2021, a grand jury indictment was filed in the case charging plaintiff with the same charges as those filed in the criminal complaint. *See State v. Chambers*, No. 21SL-CR03244-01 (21st Jud. Cir., St. Louis County Court). Due to the severity of the charges in the indictment, no bond was issued on the grand jury indictment and plaintiff was again ordered not to have contact with the victim or his or her family. Plaintiff pled not guilty at his arraignment held on September 15, 2021. However, the bond conditions were continued at that time.

A bond reduction hearing was held by the Circuit Court on June 10, 2022. Plaintiff's request for bond was denied by order of the Court on July 12, 2022, due to the age of the victim, the severity of the purported crimes, the public safety and alleged victim tampering by plaintiff's brother.

Plaintiff's case is currently set for trial on August 5, 2024.

### B. St. Louis City Action

A criminal complaint was filed against plaintiff on November 17, 2021, in the Circuit Court for St. Louis City charging plaintiff with one count of statutory sodomy or attempted statutory sodomy - deviate sexual intercourse – with a person less than 14 years of age. *See State v. Chambers,* No. 2122-CR01725 (22nd Jud. Cir., St. Louis City Court). Due to the severity of the crime, danger to the community and/or the alleged victim, no bond was allowed on the criminal complaint. Although plaintiff's counsel entered an appearance as to the criminal complaint on November 22, 2021, it does not appear plaintiff was served on the criminal complaint, as the warrant was withdrawn on January 20, 2022.

On January 20, 2022, a grand jury indictment was filed in the case charging plaintiff with the same charge as filed in the criminal complaint. *See State v. Chambers*, No. 2122-CR01725-01 (22nd Jud. Cir., St. Louis City Court). A warrant was issued on the indictment on that same day, but it has not yet been returned. Due to the severity of the charges in the indictment, no bond was issued on the grand jury indictment. No hearings have yet been set in the case.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

5

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Discussion**

Plaintiff is a self-represented litigant currently incarcerated at St. Louis County Justice Center who brings this civil action pursuant to 42 U.S.C. § 1983. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss plaintiff's claims in this action.

First, as noted above, plaintiff lacks standing to bring this action on behalf of others. Accordingly, the Court will only address his own claims for relief. The additional plaintiffs will be stricken from this action.

To the extent plaintiff seeks immediate release from the St. Louis County Justice Center and to have his state criminal charges dismissed due to alleged violations of his bond rights under

the Eighth Amendment, plaintiff is seeking habeas corpus relief.[2] For the reasons discussed below, the Court must summarily dismiss these claims.

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968); *see also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of trial"). However, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to 28 U.S.C. § 2241. *See  Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within  28 U.S.C. § 2241"); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under  28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"). As such, a § 2241 petition is the appropriate method for plaintiff to contest his bond.

Plaintiff states that defendants have violated his constitutional right by charging excessive bond; however, as set forth above, plaintiff has been held without bond in his St. Louis County case since he was served with the warrant for his arrest on or about July 28, 2021. This bond determination was reviewed by the Circuit Court at his arraignment on July 29, 2021, and at the latest bond review hearing on June 10, 2022. Bond was denied by memorandum of the Circuit Court on July 12, 2022, due to the age of the victim, the severity of the purported crimes, the public safety and alleged victim tampering by plaintiff's brother. It does not appear that plaintiff or his counsel have sought a reduction in bond since that time.

---

[2]Plaintiff filed his complaint on a court-provided form for a prisoner civil rights action under 42 U.S.C. § 1983. Regardless of the form, however, plaintiff is seeking relief more properly construed as a motion for writ of habeas corpus under 28 U.S.C. § 2241.

7

Federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke,* 649 F.2d 634, 636 (8th Cir. 1981). Given this caution against interference and in the interest of comity between state and federal courts, a plaintiff is required to exhaust state remedies before seeking habeas relief. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *see also Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017) (stating that "it has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). To that end, when a state prisoner is seeking pretrial habeas relief based on bond issues, the prisoner is required to exhaust state remedies, unless the prisoner can demonstrate the existence of special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (stating that "federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).[3]

---

[3]The Court notes that plaintiff makes the conclusory claim that bond commissioners make recommendations in St. Louis County Court to duty judges relative to the amount of bond for an initial appearance. The Court is unaware of such a practice and cannot find any reference to "bond commissioners" in the St. Louis County Local Rules. Moreover, there is no indication that "bond commissioners" are employed in St. Louis County Court. Rather, according to St. Louis County Court Local Rule 67.1.3:

> Motions to set appearance bonds, prior to the filing of an indictment, information, or complaint, shall be made first to the Duty Judge and, then, if the said Duty Judge is not available, then to an Associate Circuit Judge assigned to criminal matters and then to the Presiding Judge or in his or her absence to the Assistant Presiding Judge and then to any other judge of the Circuit. An appearance bond may be set by telephone communication

In this case, plaintiff has not demonstrated that he has exhausted his state court remedies regarding his bond claims. There is no indication that plaintiff has attempted to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules. He has also failed to establish any "special circumstances" that would allow him to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances). This Court declines to rule on the constitutionality of his bond before he has sought review from the state appellate courts. As such, plaintiff's bond claim is subject to dismissal.

To the extent plaintiff's complaint can be interpreted as bringing claims pursuant to 42 U.S.C. § 1983 against the St. Louis County Justice Center, the 21st Judicial Circuit Court in St. Louis County, Missouri, and "St. Louis Courts," these claims are subject to dismissal because these are not legal entities amenable to suit. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th

---

from the Judge, or from a division clerk acting for, at the request of, and on the instructions of the Judge, to the state, county or municipal authority holding the prisoner. The telephone communication shall set the amount and conditions of the bond and the time and place wherein the bond is returnable.

Additionally, pursuant to Mo.Sup.Ct.R. 33.01(e), when a warrant of arrest is issued upon the filing of a complaint or indictment, the judge issuing the warrant must determine conditions of release. In setting conditions of release upon issuance of an arrest warrant, the court is directed to take into consideration, "on the basis of available information," the factors set forth in Mo.Sup.Ct.R. 33.01(e), and the requirements of Rule 33.01(b) and (c)—*i.e.,* the functional presumption in favor of non-monetary conditions of release. Mo.Sup.Ct.R. 22.04(d); *see also* Mo.Rev.Stat. § 544.453 (directing a court setting conditions of release to consider specific factors, including danger posed by the defendant to victims, witness, etc.). However, the Missouri Court of Appeals has now clearly held that Rules 22.04 and 33.01 require only that the court rely on available information—meaning information present or ready for immediate use—when setting bond in an initial arrest warrant. Generally, information regarding a defendant's ability to pay is not available to the court when it issues the initial warrant. Only if the information available at the time includes information regarding the defendant's ability to pay is the court required to consider it. Further, the rules do not impose upon police, prosecutors, and courts an obligation to investigate a defendant's financial resources and ability to pay before an initial warrant for arrest can be issued under Mo.Sup.Ct.R. 22.04. *Nichols v. McCarthy*, 638 S.W.3d 902 (Mo. Ct. App. E.D. 2021), *reh'g and/or transfer denied*, (Jan. 18, 2022) and *transfer denied*, (Mar. 1, 2022) (initial setting of cash bond of $30,000 on charge of felon in possession of a firearm was proper).

Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Last, plaintiff has not made any allegations against defendant Wesley Bell in this action. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, plaintiff's allegations against Bell are also subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's request to certify this case as a class action is **DENIED**. All additional plaintiffs listed in the complaint are **STRICKEN** from this action as plaintiff Vincel Chambers does not have standing to assert claims on behalf of others.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of April, 2024.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE